UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **JOYCELYN W. MITCHELL** ) | **NUMBER:** |
| Plaintiff ) | |
| ) | |
| ) | **SECTION:** |
| **VERSUS** ) | |
| ) | |
| ) | **JUDGE:** |
| ) | |
| **UNIVERSAL HEALTH SERVICES, INC.** ) | |
| **dba RIVER OAKS HOSPITAL** ) | **MAGISTRATE:** |
| Defendant | |

## COMPLAINT

### I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. 1981. Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343. Supplemental jurisdiction over claims under state law is also invoked pursuant to 28 U.S.C. Section 1367 to hear claims under Louisiana Civil Code articles 2315, 2316 and 2320 and LSA R.S. 23:311, 321, 331 *et seq*. A jury trial is requested.

### II. PLAINTIFF

2. Plaintiff, Joycelyn W. Watts, is an African –American female over the age of forty, resides in St. John the Baptist Parish in the Eastern District of Louisiana. She filed a timely complaint with the EEOC and is filing this action within the requisite timeframe.

### III. DEFENDANT

3. Defendant, Universal Health Services, Inc. dba River Oaks Hospital, is a foreign corporation operating in Jefferson Parish in the Eastern District of Louisiana at all relevant times.

## IV. STATEMENT OF FACTS

4. River Oaks Hospital, located at 1525 River Oaks Rd. West, Harahan, La, is an inpatient and outpatient psychiatric hospital, where Plaintiff was employed from approximately November 2005 until March 2104.

5. The management team included: human resources director was Wanda Hoffman; supervisor was Gretchen Heffner; and medical director was Dr. Lincoln Paine.

6. On October 11, 2013, Plaintiff had surgery on her right foot. She was subsequently released from her doctor to return to work on January 7, 2014. Her doctor ordered her to use a cane to aid in walking during her rehabilitation period.

7. Shortly after returning to work, Ms. Heffner and Ms. Hoffman informed Plaintiff that she could not use her cane to assist her in walking while at work.

8. When Plaintiff asked management why she could not use her cane to assist in walking, the managers told her the case posed a danger because a patient may potentially hit Plaintiff with the cane or injure another patient. She explained to the managers that she only met with patients after seeking authorization from the staff.

9. Plaintiff also asked why other employees were allowed to use a cane and she was denied the option to use a cane which her physician had directed.

10. For example, Bobbie Traylor, a white female under forty years of age, the UR manager, was hurt on the job, had surgery on her hip, and was allowed to use a cane when she returned to work.

11. After approaching Ms. Hoffman to inquire why there was a disparity in why Ms. Traylor could use a cane and she was not able to use a cane, Ms. Hoffman told Plaintiff a manager was not allowed to discuss another employee's medical condition.

12. Plaintiff also asked Ms. Hoffman why Dr. Paine, a white male who had hip surgery, was able to use a cane to walk while she was not able to use her cane. The managers did not respond to Plaintiff's inquiries about the disparity in the use of a cane.

13. Additionally, Plaintiff asked management why Debbie Walter, a white contract employee under the age of forty who worked in medical records, was able to use a cane on the job while Plaintiff was not allowed to use her cane. Management did not reconcile why there was a discrepancy in the cane use standard.

14. Eventually, management fired Plaintiff in retaliation for alleged incompetence which allegedly occurred after Plaintiff continued to inquire why she could not use her cane to walk.

## V. CAUSES OF ACTION

15. Plaintiff re-alleges all facts listed in paragraphs 2 - 14.

16. The actions of Defendant as described herein, display a wanton and reckless disregard for Plaintiff's federally-protected civil rights and rights granted by Louisiana law cited herein.

17. Furthermore, Defendant is negligent when not training its managers on federal and state laws regarding racial, age and disability-based discrimination. Therefore, Defendant is liable under respondent superior for the actions of its managers.

18. Defendant intentionally, knowingly, recklessly and excessively violated Plaintiff's civil rights when allowing other employees, who were white and/or under forty years of age, to use a cane to walk while denying this right to Plaintiff.

19. Defendant's conduct proximately caused significant injuries and damages to Plaintiff for damages cause by Defendant's actions, *inter alia*:

> i. Failing to establish, implement, operate, maintain, or enforce adequate or reasonable policies, practices, customs, and procedures that recognize, protect, and ensure adherence to Plaintiff's civil rights;

    ii. Failing to provide adequate or reasonable training, supervision, monitoring or control of managers or supervisors, including the managers referenced herein, so that managers carry out their duties without infringing upon Plaintiff's civil rights; and

    iii. Failing to hold supervisors and managers responsible for the misconduct of their subordinates.

## VI. DAMAGES

20. As a result of the actions of the Defendant as described above, Plaintiff has suffered damages, as follows:

    a. Plaintiff suffered severe physical, mental, emotional injury and pain and suffering;

    b. Plaintiff suffered loss wages, loss of all benefits, humiliation, impairment of reputation, based on terms and conditions of employment; and

    c. Punitive damages against Defendant.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that after due proceedings, there be judgment on her behalf and against Defendant, for damage, *inter alia*:

1. Compensatory and punitive damages;

2. Reasonable attorney's fees and all costs associated with these proceedings;

3. That judicial interest be awarded from the date of judicial demand;

4. That this matter be tried by a jury; and

5. All other relief that this Court deems just and proper and any other relief as allowed by law as prayed for herein.

    Respectfully submitted,

    LAW OFFICE OF MARION D. FLOYD

/s/Marion D. Floyd
MARION D. FLOYD (LSBA No. 22902)
2214 3rd Street, Suite A
Kenner, LA 70062
Phone:  (504) 467-3010
Fax:      (504) 467-3020
floydmar@bellsouth.net

*Attorney for Plaintiff*