UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCELYN MITCHELL | CIVIL ACTION |
| VERSUS | NO. 15-5963 |
| UNIVERSAL HEALTH SERVICES, INC. | SECTION A(2) |

**ORDER AND REASONS**

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 23)** filed by Defendant River Oaks, Inc. The motion is opposed. The motion, set for submission on April 6, 2016, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

    **I.**    **Background**

Plaintiff filed suit in this Court on November 16, 2015. (Rec. Doc. 1). Plaintiff alleges that her former employer, River Oaks Hospital, violated federal and state law when it prohibited her from using a cane when she returned to work after having surgery on her foot. (Rec. Doc. 1).

    **II.**    **Analysis**

In the instant motion, River Oaks asserts that Plaintiff fails to state a claim upon which relief may be granted. River Oaks asserts that (1) Plaintiff has not alleged the elements necessary to state a claim under the Americans with Disabilities Act (ADA) or for retaliation; (2) Plaintiff has not identified any similarly situated employee treated differently in nearly identical circumstances, as required to state a disparate treatment claim under Title VII or the Age Discrimination in Employment Act (ADEA); (3) Plaintiff's state law claims have prescribed; and (4) neither the ADEA nor Louisiana law authorizes punitive damages. The Court will address each argument.

Rule 12(b)(6) motions to dismiss are disfavored means of disposing of a case and should be denied unless the moving party can show, beyond a doubt, that the plaintiff cannot prove a plausible

set of facts in support of her claim which would entitle her to relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir.2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).

*ADA Claim*

To state a claim under the ADA, a plaintiff must establish that he or she is a "qualified individual with a disability." *See Mora v. Univ. of Tex. Southwestern Medical Center*, 469 F. App'x 295, 297 (5th Cir. 2012). Plaintiff's complaint did not attempt to establish that Plaintiff is "qualified" or that Plaintiff has a "disability" within the meaning of the ADA. In light of Plaintiff's opposition, Plaintiff will be allowed to amend her complaint. Defendant will be allowed to re-urge its motion.

*Retaliation Claim*

To state a retaliation claim under Title VII, a plaintiff must allege that she engaged in a "protected activity." *Carter v. Target Corp.*, 541 F. App'x 413, 418 (5th Cir. 2013). "Generally, a plaintiff who files a complaint with the EEOC engages in a protected activity." *Id.* (citing *Haire v. Bd. of Supervisors of La. State Univ.*, 719 F.3d 356, 367 (5th Cir. 2013). "Besides EEOC charges, an individual may engage in protected activity by opposing any practice made unlawful by Title VII." *Id.* (citing *Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir. 2000)). However, an individual "cannot simply complain that she received unfair or undesirable treatment." *Id.* (citing *Richard v. Cingular*

*Wireless LLC*, 233 F. App'x 334, 338 (5th Cir. 2007)). A vague complaint to an employer "that does not reference a discriminatory employment practice does not constitute a protected activity." *Id.* (citing *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011)).

Plaintiff's complaint states that she asked management why other employees were allowed to use canes while she was not allowed to do so. (Rec. Doc. 1, Compl. ¶¶ 9-13). Plaintiff's complaint further states, "Eventually, management fired Plaintiff in retaliation for alleged incompetence which allegedly occurred after Plaintiff continued to inquire why she could not use her cane to walk." (*Id.* ¶ 14). While Plaintiff did file an EEOC charge, the complaint does not make clear whether the EEOC charge was filed before her termination. The complaint fails to provide the date of her termination. If Plaintiff is not relying on the EEOC charge as her "protected activity," she fails to assert more than vague complaints to her employer. Her complaints to management seemed to simply state that she received unfair treatment, rather than that she had been the subject of discrimination. Thus, the Court finds that Plaintiff has failed to state a claim for retaliation, but the Court will allow Plaintiff to amend her complaint if she can demonstrate that she engaged in a protected activity.

*Title VII Claim*

To state a claim under Title VII, a complaint must allege facts, direct or circumstantial, that would suggest that a defendant's actions were based on race—it must allege that the defendant treated similarly situated employees of other races more favorably. *See Raj v. Louisiana State University*, 714 F.3d 322, 331 (5th Cir. 2013). The Court finds that Plaintiff has alleged sufficient facts in support of its Title VII claim to survive a Rule 12(b)(6) motion to dismiss. The complaint alleges that three white employees of River Oaks were allowed to use canes, while Plaintiff, an African-American employee, was not allowed to use her cane.

The case law cited by River Oaks establishes that, to recover on a Title VII claim, a plaintiff must establish that the similarly situated employees were treated differently in "nearly identical" circumstances. River Oaks disputes that Plaintiff and the three other employees were in "nearly

identical" circumstances, and to support this, River Oaks presents uncited evidence that does not appear to be in the complaint. While the Court can decide to consider matters outside the pleadings and convert this motion into a motion for summary judgment, the Court declines to do so and disregards River Oaks' purported evidence at this stage in the proceedings. *See* Fed. R. Civ. P. 12(d). Instead, the Court finds that when drawing all reasonable inferences in Plaintiff's favor, Plaintiff has pled a plausible set of facts that would entitle her to relief under Title VII. Further discovery may establish that the Plaintiff and these other employees were not in "nearly identical" circumstances, but at this juncture, Plaintiff's Title VII claim is sufficient.

*ADEA*

Regarding the ADEA, River Oaks presents case law on what is required to prove an ADEA claim, but, at this juncture, the Court is only assessing what is required to properly plead a claim. Further, the Court again disregards the outside evidence presented by River Oaks. In light of the Court's directive to draw reasonable inferences in the plaintiff's favor, the Court finds that Plaintiff's ADEA claim, though it seems weak, has been sufficiently pled.

*State Law Claims*

Plaintiff's response does not address River Oaks' request to dismiss Plaintiff's claims against River Oaks on the basis that these claims have prescribed. Thus, because this part of River Oaks' motion is unopposed and because it appears to the Court that River Oaks' arguments on this issue have merit, the Court grants the motion with respect to these claims.

*Punitive Damages*

Plaintiff's response also does not address River Oaks' request to dismiss Plaintiff's claims against River Oaks on the basis that neither the ADEA nor Louisiana law authorize punitive damages. Thus, because this part of River Oaks' motion is unopposed and because it appears to the Court that River Oaks' arguments on this have merit, the Court grants the motion with respect to these claims.

Accordingly,

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 23)** is **GRANTED** insofar as it relates to Plaintiff's state law claims and Plaintiff's claims for punitive damages, and it is **DENIED** insofar as it relates to Plaintiff's claims under Title VII and the ADEA;

**IT IS FURTHER ORDERED** that, regarding Plaintiff's ADA and retaliation claims, Plaintiff has ten days from rendition of this opinion to amend her complaint in accordance with this opinion.

April 18, 2016

                                                JUDGE JAY C. ZAINEY
                                                UNITED STATES DISTRICT JUDGE