UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JOYCELYN MITCHELL | CIVIL ACTION |
| VERSUS | NO. 15-5963 |
| UNIVERSAL HEALTH SERVICES, INC. | SECTION A(2) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 35)** filed by Defendant River Oaks, Inc. The motion is opposed. The motion, set for submission on June 1, 2016, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is **GRANTED IN PART** and **DENIED IN PART**.

### I. Background

Plaintiff filed suit in this Court on November 16, 2015. (Rec. Doc. 1). Plaintiff alleges that her former employer, River Oaks Hospital, violated federal and state law when it prohibited her from using a cane when she returned to work after having surgery on her foot. (Rec. Doc. 1). Defendant River Oaks filed a Motion to Dismiss for Failure to State a Claim (Rec. Doc. 23), which was granted in part and denied in part. After finding that the complaint failed to properly allege the necessary elements to state an ADA claim and a retaliation claim, the Court gave leave to Plaintiff to submit a Third Amended and Restated Complaint (Rec. Doc. 32) to remedy these errors.

### II. Analysis

In the instant motion, River Oaks again asserts that Plaintiff fails to state a claim upon which relief may be granted. The instant motion asserts that Plaintiff has not alleged the elements necessary to state a claim (1) under the Americans with Disabilities Act (ADA) or (2) for retaliation.

Rule 12(b)(6) motions to dismiss are a disfavored means of disposing of a case and should be denied unless the moving party can show, beyond a doubt, that the plaintiff cannot prove a plausible set of facts in support of her claim which would entitle her to relief. *See Bell Atlantic Corp. v. Twombly*,

1

550 U.S. 544 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the context of a motion to dismiss, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (citing *Twombly*, 550 U.S. at 555).

*ADA Claim*

According to the ADA, no covered employer shall "discriminate against a qualified individual with a disability because of the disability of such an individual in regard to . . . discharge of employees." 42 U.S.C. § 12112(a) (2009). To bring a claim under the ADA, Plaintiff must show that (1) she is "disabled" according to the ADA, (2) she is a "qualified individual" and able to perform the essential functions of the job, and (3) that Plaintiff's employer terminated her employment because of the disability. *Kemp v. Holder*, 610 F.3d 231, 234 (5th Cir. 2010) (citing *Talk v. Delta Airlines, Inc.*, 165 F.3d 1021, 1024 (5th Cir. 1999)).

The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). In *Mora v. University of Texas Southwestern Medical Center*, the plaintiff alleged alcoholism as a disability, but the court found that she failed to state a claim because she did not specify which of her "life activities" was substantially limited. 496 F. App'x 295, 297 (5th Cir. 2012) ("Although Mora alleged that she is an alcoholic and

recited that her alcoholism impairs a major life activity, she did not specify which of her 'life activities' is substantially limited. This is fatal to stating a claim for relief.").

In Plaintiff's Third Amended and Restated Complaint, Plaintiff adds the allegation that she "required the cane to perform the tasks within the course and scope of employment at Defendant's facility." (Rec. Doc. 32 at ¶ 6). Thus, unlike the complaint in *Mora*, Plaintiff is specifically alleging that she suffered from an impairment to a major life activity by requiring a cane to perform the tasks required by her employer. The ADA specifically defines "major life activities" by giving an illustrative, non-exhaustive list of activities deemed "major life activities" including "manual tasks . . . standing . . . [and] walking." 42 U.S.C. § 12102(2)(A).

Additionally, the 2008 Amendments to the ADA stress that the definition of disability shall be construed in favor of a broad number of individuals under the Act, to the maximum extent permitted by the Act. 42 U.S.C. § 12102(4)(A). Moreover, the 2008 Amendments provide specific instructions for courts and employers to lower the threshold when determining whether a plaintiff has a disability. A plaintiff's impairment does not necessarily have to substantially limit a major life activity. Rather, if a plaintiff-employee can show that the defendant-employer perceived the plaintiff as having an impairment, the plaintiff is covered under the "regarded as" prong, regardless of how limiting the defendant perceives the impairment to be. *See* 42 U.S.C. § 12102(3)(A); *see also* Alex B. Long, *Introducing the New and Improved Americans with Disabilities Act: Assessing the ADA Amendments Act of 2008*, 103 Nw. U. L. Rev. Colloquy 217, 224 (2008).

Defendant at this stage cannot sustain any defense that the impairment was transitory and minor. "Transitory" is defined as lasting or expected to last six months or less. 29 C.F.R. § 1630.15(f). While defense counsel points out that Plaintiff's foot ailments at work lasted less than six months, Plaintiff may be able to show that she expected to require use of her cane at work for a period of over six months if she had not been terminated. Additionally, Defendant has not established that the

impairment was minor. Therefore, the Court finds that Plaintiff has properly alleged the required element of "disability" for an ADA claim.

A "qualified individual" means "an individual who, with or without reasonable accommodations, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). In Plaintiff's Third Amended and Restated Complaint, Plaintiff adds the allegation that she "required the cane to perform the tasks within the course and scope of employment at Defendant's facility." (Rec. Doc. 32 at ¶ 6). Taking this allegation as true in a light most favorable to Plaintiff, a plausible inference could be made that Plaintiff could perform her essential job functions with the accommodation of a cane but Defendant did not wish to make such accommodations. *See Iqbal*, 556 U.S. at 678 ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

Defense mentions that Plaintiff had "chronic, documented poor performance issues before" her surgery, but it is unclear whether the poor performance was due to her foot aches or other unspecified factors. Again, viewing the facts as true in a light most favorable to Plaintiff, the Court recognizes the possibility that Plaintiff could have performed her essential job functions because she had done so for at least seven years prior to surgery. Therefore, the Court finds that Plaintiff has properly alleged the required element of "qualified individual" for an ADA claim.

Finally, Plaintiff's complaint now alleges that she was recovering from foot surgery when she resumed employment and was shortly thereafter terminated. (Rec. Doc. 32 at ¶ 7). This gives rise to a reasonable inference that Plaintiff was terminated because of the disability caused by her foot and thus the causation element of Plaintiff's ADA claim is sufficiently pled.

The Court finds that when drawing all reasonable inferences in Plaintiff's favor, Plaintiff has pled a plausible set of facts that would entitle her to relief under the ADA. Further discovery may

establish that Plaintiff does not satisfy the three elements of an ADA claim, but at this juncture, Plaintiff's ADA claim is sufficient.

*Retaliation Claim*

To state a retaliation claim under Title VII, the plaintiff must allege that (1) she engaged in a "protected activity," (2) she was subjected to an adverse employment action, and (3) a causal connection existed between the protected activity and the adverse employment action. *Carter v. Target Corp.*, 541 F. App'x 413, 417 (5th Cir. 2013) (citing *Evans v. City of Houston*, 246 F.3d 344, 352 (5th Cir. 2001)).

The Court finds that Plaintiff has alleged that she was subjected to an adverse employment action. Plaintiff alleges that her employer refused to provide a reasonable accommodation and then terminated her; these are both sufficient adverse actions. However, the issue of whether the Plaintiff has properly alleged that she engaged in a "protected activity" is more troublesome. "Generally, a plaintiff who files a complaint with the EEOC engages in a protected activity." *Id.* at 418 (citing *Haire v. Bd. Of Supervisors of La. State Univ.*, 719 F.3d 356, 367 (5th Cir. 2013)). "Besides EEOC charges, an individual may engage in protected activity by opposing any practice made unlawful by Title VII." *Id.* (citing *Haynes v. Pennzoil Co.*, 207 F.3d 296, 299 (5th Cir. 2000)). However, an individual "cannot simply complain that she received unfair or undesirable treatment." *Id.* (citing *Richard v. Cingular Wireless LLC*, 233 F. App'x 334, 338 (5th Cir. 2007)). A vague complaint to an employer "that does not reference a discriminatory employment practice does not constitute a protected activity." *Id.* (citing *Davis v. Dallas Indep. Sch. Dist.*, 448 F. App'x 485, 493 (5th Cir. 2011.))

The Court's Order and Reasons in response to Defendant's initial Rule 12(b)(6) motion made clear that "[i]f Plaintiff is not relying on the EEOC charge as her 'protected activity,' she fails to assert more than vague complaints to her employer." (Rec. Doc. 31 at p. 3). Plaintiff's Third Amended and Restated Complaint does not attempt to rely on the EEOC charge nor does Plaintiff contest Defendant's assertion that the EEOC charge was filed after Plaintiff's termination. Therefore, if Plaintiff has

properly alleged she engaged in a "protected activity," it must be found within the complaints made to her employer during the course of her employment.

In *Carter v. Target Corp.*, the plaintiff's complaint failed to allege that she engaged in a "protected activity" when the complaint simply stated that the plaintiff complained to her employer about a white employee's work tasks being diverted to her. 541 F. App'x 413, 418 (5th Cir. 2013). Moreover, in *Moore v. United Parcel Service, Inc.*, the court found that an employee was not engaged in a protected activity because his complaint failed to mention racial discrimination. 150 F. App'x 315, 319 (5th Cir. 2005). Similarly, in the case before this Court, Plaintiff's Third Amended and Restated Complaint fails to allege additional facts establishing that she notified her employer that she was being mistreated due to any protected characteristic. Rather, Plaintiff simply re-phrases the last paragraph of her Statement of Facts by again claiming that she received unfair treatment rather than making any accusations about discriminatory employment practices.  (Rec. Doc. 32 at ¶ 15). For these reasons, the Court finds that Plaintiff has failed to state a claim for retaliation.

**IT IS ORDERED** that the **Motion to Dismiss for Failure to State a Claim (Rec. Doc. 23)** is **GRANTED** insofar as it relates to Plaintiff's retaliation claim, and it is **DENIED** insofar as it relates to Plaintiff's ADA claim.

New Orleans, Louisiana, this 20th day of June, 2016

_____
JUDGE JAY C. ZAINEY
UNITED STATES DISTRICT COURT JUDGE

6