UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOYCELYN MITCHELL                                    CIVIL ACTION

VERSUS                                               NO. 15-5963

UNIVERSAL HEALTH SERVICES, INC., ET AL.              SECTION: A (2)

**ORDER**

Before the Court is a **Motion for Summary Judgment (Rec. Doc. 52)** filed by Defendant River Oaks. Plaintiff Jocelyn Mitchell opposes the Motion. (Rec. Doc. 58). The Motion, set for submission on January 11, 2017, is before the Court on the briefs without oral argument. For the reasons that follow, the Motion is granted in part and denied in part.

I.  Background

Plaintiff filed suit in this Court on November 16, 2015. (Rec. Doc. 1). Plaintiff alleges that her former employer, River Oaks Hospital, violated federal and state law when it prohibited her from using a cane when she returned to work after having surgery on her foot. (Rec. Doc. 1). The Court has already dismissed Plaintiff's claims under state law and claims for retaliation, punitive damages, and age discrimination. (Rec. Docs. 31 and 45). The only remaining claims are for race discrimination under Title VII and disability discrimination under the Americans with Disabilities Act ("ADA").

II. Analysis

In the instant motion, Defendant asserts that Plaintiff does not have a valid claim under Title VII or the ADA because there was not an adverse employment action as required by Title VII and Plaintiff is not a qualified individual with a disability under the ADA.

Summary judgment is appropriate only if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any," when viewed in the

light most favorable to the non-movant, "show that there is no genuine issue as to any material fact." *TIG Ins. Co. v. Sedgwick James*, 276 F.3d 754, 759 (5th Cir. 2002) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986)). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 248). The court must draw all justifiable inferences in favor of the non-moving party. *Id.* (citing *Anderson*, 477 U.S. at 255).

Once the moving party has initially shown "that there is an absence of evidence to support the non-moving party's cause," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the non-movant must come forward with "specific facts" showing a genuine factual issue for trial. *Id.* (citing Fed.R.Civ.P. 56(e); *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986)). Conclusional allegations and denials, speculation, improbable inferences, unsubstantiated assertions, and legalistic argumentation do not adequately substitute for specific facts showing a genuine issue for trial. *Id.* (citing *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir.1993)). Additionally, if the nonmoving party would bear the burden of proof of the dispositive issue at trial, then the moving party can satisfy its burden by proving that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986).

*ADA Claim*

According to the ADA, no covered employer shall "discriminate against a qualified individual with a disability because of the disability of such an individual in regard to . . . discharge of employees." 42 U.S.C. § 12112(a) (2009). To bring a claim under the ADA, Plaintiff must show that (1) she is "disabled" according to the ADA, (2) she is a "qualified individual" and able to perform the essential functions of the job, and (3) that Plaintiff was subject to an adverse

employment decision because of her disability. *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 695 (5th Cir. 2014). If Plaintiff is able to prove her prima facie case of discrimination under the ADA, then the burden shifts to Defendant to "articulate a legitimate, nondiscriminatory reason for terminating" Plaintiff. *Id.* at 694. Finally, if Defendant meets its burden, the burden shifts back to Plaintiff to prove that Defendant's non-discriminatory reason for termination is pretextual. *Id.*

What the parties continue to dispute is whether Plaintiff qualified as a disabled person. The ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). Additionally, the 2008 Amendments to the ADA stress that the definition of disability shall be construed in favor of a broad number of individuals under the Act, to the maximum extent permitted by the Act. 42 U.S.C. § 12102(4)(A). The 2008 Amendments provide specific instructions for courts and employers to lower the threshold when determining whether a plaintiff has a disability.

In Plaintiff's Third Amended Complaint, Plaintiff includes the allegation that she "required the cane to perform the tasks within the course and scope of employment at Defendant's facility." (Rec. Doc. 32). Additionally, Plaintiff has a doctor's note on January 2, 2014 stating that she was still under a doctor's care, and may return to work under certain conditions, including that Plaintiff "walk with assistance of a walking cane." (Rec. Doc. 52-5). In contrast, Defendant introduces a doctor's note on January 6, 2014, stating that Plaintiff was discharged to "[f]ull time duty with no restrictions." (Rec. Doc. 52-11).

Although Defendant has produced evidence that Plaintiff was not a disabled individual by way of a second doctor's note, Defendant has not met its burden of proving that Plaintiff cannot establish a prima facie case for discrimination under the ADA. The letter that Defendant introduced

directly contradicts the first doctor's note issued the same week, and merely establishes that there remains an issue of fact as to whether Plaintiff was a disabled individual under the ADA.

The parties also dispute whether Plaintiff was a qualified individual under the ADA. A "qualified individual" means "an individual who, with or without reasonable accommodations, can perform the essential functions of the employment position that such individual holds or desires." 42 U.S.C. § 12111(8). In order "to avoid summary judgment the plaintiff must demonstrate "that [s]he could either (1) 'perform the essential functions of the job in spite of her disability,' or (2) that 'a reasonable accommodation of her disability would have enabled her to perform the essential functions of her job." *Cannon v. Jacobs Field Services North America, Inc.*, 813 F.3d 586, 591-92 (5th Cir. 2016); (quoting *E.E.O.C. v. LHC Group, Inc.*, 773 F.3d 688, 695 (5th Cir. 2014)).

Defendant argues that Plaintiff is not a qualified individual because with or without accommodations, Plaintiff cannot perform the essential functions of her position. In support of its argument, Defendant introduces years of evaluations of Plaintiff's work performance that report Plaintiff's poor work performance. (Rec. Doc. 52-6). Plaintiff, in her affidavit, states that her "professional services had never been criticized prior to the hiring of Gretchen Hefner," and that she scored well on practical knowledge exams before the hiring of Ms. Hefner. Plaintiff does not provide any evidence beyond her own statements to rebut Defendant's evidence that she was unqualified for her position regardless of her injury. However, the performance evaluations that Defendant produced state that Plaintiff was hired in 2005, approximately eight years before her 2013 surgery, without termination. (Rec. Doc. 52-6). This fact indicates that Plaintiff was able to perform the essential functions of her position. Additionally, the evaluation states that Plaintiff "understands insurance benefits," which is an essential aspect of Plaintiff's insurance verification position. (Rec. Doc. 52-6). Considering the evidence together in the light most favorable to

Plaintiff, as non-movant, the Court finds that there remains an issue of fact as to whether Plaintiff was a qualified individual under the ADA.

Finally, Plaintiff's complaint alleges that her firing was the result of circumstances surrounding her ability to work while using a cane. (Rec. Doc. 6). This gives rise to a reasonable inference that Plaintiff was terminated because of the disability caused by her foot and thus the third element of the ADA framework is sufficiently met at this time.

The Court finds that when drawing all reasonable inferences in Plaintiff's favor, Defendant has failed to show that there is no genuine issue as to any material fact. The fact remains in dispute as to whether Plaintiff qualified as a disabled person under the ADA, and whether Plaintiff was a qualified individual under the ADA. Therefore, Defendant is not entitled to summary judgement at this time on Plaintiff's ADA claim.

*Title VII Claim*

To make a prima facie case for discrimination under Title VII of the Civil Rights Act, absent direct evidence, Plaintiff must establish that 1) she is a member of a protected class, 2) she was qualified for the position, 3) she suffered an adverse employment action, and 4) others outside the protected class were treated more favorably, or she was replaced by someone outside her protected class if she was terminated. *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). Both Plaintiff and Defendant agree that Plaintiff satisfies the first two prongs, but Defendant asserts that an adverse employment action was not taken against Plaintiff and that Plaintiff fails to prove disparate treatment. Plaintiff argues that her being forced to engage in a performance improvement plan and being forced to deviate from her treating physician's medical directive to use a cane qualify as an adverse employment action. Plaintiff also argues that

restricting her from using a cane was contrary to how other similarly situated employees were treated.

The Court finds that Plaintiff has met her burden of proving that others outside her protected class were treated more favorably. In order to prove disparate treatment, Plaintiff must show that "others similarly situated were treated more favorably" by offering a comparator. *Reyna v. Donley*, 479 Fed. App. 609, 611 (5th Cir. 2012). In Plaintiff's Third Amended Complaint, she states that "Bobbie Traylor, a white female under forty years of age, the UR manager, was hurt on the job, had surgery on her hip, and was allowed to use a cane when she returned to work." (Rec. Doc. 32). The Court, drawing all justifiable inferences in favor of Plaintiff as the non-moving party, finds that Plaintiff has sufficiently met her burden of proving that others outside her protected class were treated more favorably to establish the fourth element of her prima facie case.

As for the third element of Plaintiff's prima facie case, the Court finds that Plaintiff has failed to prove that she suffered an adverse employment action. Adverse employment actions against an employee involve "only ultimate employment decisions such as hiring, granting leave, discharging, promoting, or compensating." *Bouvier v. Northgrup Grumman Ship Systems, Inc.*, 305 Fed.Appx. 917, 922 (5th Cir. 2009). Plaintiff's third amended complaint under Title VII alleges that Defendant violated Plaintiff's rights when Defendant denied Plaintiff the ability to use a cane to walk at work, but allowed other employees to use a cane. (Rec. Doc. 32). Nowhere in Plaintiff's complaint does she allege that Defendant wrongfully terminated her employment or made any ultimate employment decisions that would qualify as an adverse action. Thus, Plaintiff has not made a prima facie case against Defendant for discrimination under Title VII.

Accordingly;

**IT IS ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 52)** is **GRANTED** insofar as it relates to Plaintiff's Title VII claim, and it is **DENIED** insofar as it relates to Plaintiff's ADA claim.

New Orleans, Louisiana this 15th day of March, 2017.

                                              JAY C. ZAINEY
                                   UNITED STATES DISTRICT JUDGE